## J. H. BUDDEKE v. SUSAN M. CLAY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—424.]

**Sale of Property for Reinvestment.**

Real estate in which a particular estate and remainder exists may be sold for reinvestment in other lands, although the power of alienation is forbidden, and this under the general principle that authorizes a trustee and life tenant to preserve the property; but such a sale can only be authorized when the facts are alleged in the petition and proved, showing that the sale will benefit the parties interested, but failure to make such allegations will not render the sale void.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 1, 1883.

OPINION BY JUDGE HARGIS:

The will of John J. Jacob, deceased, does not forbid the sale of Mrs. Clay's interest for the purpose of reinvestment in property of like nature. This may be done, although her power of alienation is forbidden, under the general principle that authorizes a trustee and life tenant to preserve the property. This is contemplated by

Civ. Code 1876, § 491, which authorizes the sale of real property, in which a particular estate and remainder exists, for reinvestment in other real estate. It is true that it is error not to state the facts in the petition, as well as prove them, showing that the sale will benefit the parties interested in the property, but this does not render the sale void; nor does it affect the title of the purchaser under a decree which may on that account be subject to reversal at the instance of a party to the suit or a privy of such party.

The judgment affirming the sale on the appeal of the purchaser alone, is *affirmed*.

*Byron Bacon, for appellant.*

*John B. Baskin, for appellees.*